IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SALEENA R. LANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:25-cv-00637 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| U.S. BANK NATIONAL ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION & ORDER

The Court has received a Complaint alleging civil rights violations submitted by Saleena R. Landers, the named Plaintiff. (Doc. No. 1). Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). Plaintiff submitted the Complaint and IFP Application on behalf of her mother and late father.[1] (Doc. No. 1 at PageID# 6; Doc. No. 2 at PageID# 28). This case cannot proceed until several procedural issues are resolved.

### I. PLAINTIFF'S MOTHER

Plaintiff filed the Complaint and IFP Application on behalf of her mother and as her power of attorney (as well as on behalf of Plaintiff's late father). (Doc. No. 1 at PageID# 6; Doc. No. 2 at PageID# 28). "Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.

---

[1] In the Complaint, Plaintiff named herself as a party primarily not on her own behalf but as "the duly appointed Power of Attorney [i.e., attorney-in-fact pursuant to a power of attorney] for her parents." (Doc. No. 1 at PageID# 6). Additionally, Plaintiff indicated in the IFP Application, "I am filing these on behalf of my mother…and my deceased father." (Doc. No. 2 at PageID# 28).

1998) ("In federal court a party can represent himself or be represented by an attorney but cannot be represented by another nonlawyer."). Similarly, a daughter cannot appear pro se on behalf of her parents simply because she is their attorney-in-fact pursuant to a power of attorney. *See Holmes v. Publix Supermarkets, Inc.*, No. 2:23-cv-2712-MSN-tmp, 2024 WL 2208214, at *3 (W.D. Tenn. May 16, 2024). "[A] power of attorney does not authorize a non-lawyer to prosecute a case in federal court on behalf of another person." *Id*. (quoting *Falkner v. Water Grove Invs., LLC*, No. 11-3130-STA-tmp, 2012 WL 259943, at *2 (W.D. Tenn. Jan. 27, 2012)). A parent's personal cause of action is her own and does not belong to their daughter or representative. *See Esaw v. Metro Police Dep't*, No. 3:12-0639, 2012 WL 3202271, at *1 (M.D. Tenn. Aug. 3, 2012) (citation omitted). It follows that, unless Plaintiff is a licensed attorney, she cannot appear pro se on behalf of her mother.

If Plaintiff's mother wishes to participate in this action as a plaintiff, she or her legal representative **MUST** personally sign the Complaint (Doc. No. 1) and return it to the Court within **30 DAYS** of the date this Order is entered on the docket.

Additionally, she must either pay her portion of the $405.00 filing fee[2] or submit her own Application for Leave to Proceed In Forma Pauperis bearing her signature. 28 U.S.C.A. §§ 1914(a), 1915(a). In the Middle District of Tennessee, non-prisoner litigants must use the long form AO239 that provides detailed financial information. *See* https://www.tnmd.uscourts.gov/pro-se-forms.

The Clerk is **DIRECTED** to mail Plaintiff's mother a long-form pauper application for her

---

[2] This fee consists of a $350.00 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914(a)-(b); District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule, provision 14 (eff. Dec. 1, 2023).

convenience. If she wishes to pursue pauper status, Plaintiff's mother **MUST** return the IFP Application no later than **30 DAYS** from the entry of this Order.

Rather than seek pauper status, Plaintiff's mother may submit her portion of the civil filing fee of $405.00 by the deadline established by the Court. Ultimately, if there is more than one plaintiff to this action, each plaintiff must pay his or her portion of the $405.00 civil filing fee. Whether apportionment is necessary and, if so, the amount for each plaintiff cannot be determined at this time.

## II. PLAINTIFF'S LATE FATHER

The issue of whether Plaintiff may bring claims on behalf of her late father's estate depends specifically on what claims she wishes to bring and whether those claims survive her late father's death.[3] As to any claims that survive death, Plaintiff cannot bring those claims on her late father's behalf unless she is the appropriate representative[4] of the estate. The Court, however, will not decide this issue at this time because it would be premature to do so in this phase of the litigation. Those issues will be resolved after the matter of the signatures and filing fee have been resolved.

If Plaintiff desires that the claims of her late father proceed in this Court, an appropriate

---

[3] Plaintiff asserts allegations on behalf of her late father, including negligence, breach of fiduciary duty, and elder abuse through deceptive or predatory lending and mishandling of a mortgage and bank account. (Doc. No. 1 at PageID# 4, 7, 9). The allegations of negligence and elder abuse, both of which are state law claims, appear to survive death because "[n]o civil action commenced…except actions for wrongs affecting the character of the plaintiff . . . shall abate by the death of either party." Tenn. Code Ann. §§ 20-5-101, 20-5-102.

[4] Under Tennessee law, "[r]evival by heirs of the decedent . . . is permissible 'if no person will administer on the estate of a deceased plaintiff. Tenn. Code Ann. § 20-5-104.'" *Adams v. Adient US LLC*, 750 F. Supp. 3d 855, 858 (W.D. Tenn. Sep. 25, 2024). "Heirs" is defined as, "those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent." Tenn. Code Ann. § 31-1-101(5). The question of who specifically must raise the claims on Plaintiff's late father's behalf will be taken up by subsequent order after clarity is provided as to Plaintiff's role, or lack thereof, as it pertains to her late father's estate.

representative must sign the Complaint (Doc. No. 1) on behalf of Plaintiff's late father and must pay his or her portion of the $405.00 civil filing fee, as discussed above with respect to Plaintiff's mother. Tenn. Code Ann. § 20-5-104.

### III. PLAINTIFF LANDERS

Although Plaintiff cannot proceed in this case on behalf of her parents unless she is representing them as their attorney, Plaintiff may proceed in this case as to Counts III and IV of the Complaint. On those counts, Plaintiff *does* seek relief on her *own* behalf. In Count III, Plaintiff alleges that "Defendant's conduct caused severe emotional distress to Plaintiff and her son, including anxiety and depression . . . ." (Doc. No. 1 at PageID# 7). In Count IV, Plaintiff alleges "[she] experienced discriminatory practices by Defendant in violation of federal and state anti-discrimination laws." (*Id.*). Plaintiff cannot proceed as to Count III on behalf of her son for the reasons stated above (unless she demonstrates that she is a licensed attorney), but Plaintiff may proceed in this case on her own behalf as to both Counts III and IV. *Shepherd*, 313 F.3d at 97; *Gonzales*, 157 F.3d at 1021.

Plaintiff personally signed the Complaint as required by Federal Rule of Civil Procedure 11(a). (Doc. No. 1 at PageID# 8). The matter of the filing fee, however, has not been satisfied.

If Plaintiff wishes to obtain pauper status, she **MUST** submit her own properly completed and signed "long form" pauper application. 28 U.S.C.A. §§ 1914(a), 1915(a). The Clerk is **DIRECTED** to mail Plaintiff a long-form pauper application for her convenience. Plaintiff **MUST** return the IFP Application no later than **30 DAYS** from the entry of this Order.

Rather than seek pauper status, Plaintiff may submit her portion of the civil filing fee of $405.00 by the deadline established by the Court.[5]

---

[5] *See* supra n. 2.

## IV. CONCLUSION

The Court encourages each party to review this Order to figure out who needs to take what action in order to proceed. Failure to comply will result in dismissal of any or all claims and putative plaintiffs. In summary:

If Plaintiff is a licensed attorney, she is **DIRECTED** to submit proof thereof to the Court no later than **30 DAYS** after entry of this Order and also to submit the full civil filing fee of $405 or an Application for Leave to Proceed In Forma Pauperis (long form) to the Court by the same deadline.

If Plaintiff is not a licensed attorney, then to advance claims of her mother and/or late father she **MUST** retain counsel for her mother or late father and/or his estate

Plaintiff may elect to withdraw this Complaint without penalty if she determines that pursuing this course of action is not tenable or desirable.

If no further documents are received from Plaintiff, her mother, or her late father's representative after **30 DAYS**, this case will be dismissed without prejudice to Plaintiff's mother's and late father's (or his estate's or legal successors') ability to file a future complaint.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE